UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENE E. MYERS,

    Plaintiff,

v.                                                    Case No: 8:19-cv-724-CEH-CPT

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and
UNUM GROUP,

    Defendants.
_____

## ORDER

This cause comes before the Court on Defendants Provident Life and Accident Insurance Company and Unum Group's Motion for Reconsideration (Doc. 129), Plaintiff Gene Myers' response in opposition (Doc. 132), Defendants' reply (Doc. 135), and Plaintiff's sur-reply (Doc. 138).

In the motion, Defendants seek reconsideration of this Court's Order denying their Second Motion for Judgment on the Pleadings because Plaintiff's allegations did not foreclose a finding of equitable tolling that would render his RICO claims timely (Doc. 126) ("Order"). Defendants argue this ruling was error because the allegations of the amended complaint do not establish that Defendants lulled, induced, or tricked Plaintiff into failing to timely file his lawsuit.

Upon full review and consideration, and being fully advised in the premises, the Court finds the motion is due to be denied.

## LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy." *Ludwig v. Liberty Mutual Fire Insur. Co.*, 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, *3 (M.D. Fla March 30, 2005). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Id.*, quoting *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009), quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005).

DISCUSSION

Defendants' motion for reconsideration fails to demonstrate the existence of an intervening change in the law, new evidence, clear error, or manifest injustice. Significantly, the Court's Order demonstrates that it was well aware of the fact Defendants now seek to bring to the Court's attention, that the event identified as the possible basis for equitable tolling—Defendants' agreement to perform an additional analysis—was triggered by Plaintiff's request. *See* Order at 39 ("In particular, the Court is persuaded by Defendants' December 2015 agreement to conduct the alternative claim analysis *Plaintiff requested*[.]").[1] Thus, the December 16, 2015 letter Defendants attach to their motion for reconsideration does not establish any fact the Court did not already assume was true when relying on the allegations in the First Amended Complaint. *See* Doc. 47 ¶ 100 (alleging the RVU analysis was done at Myers' request). This letter does not provide a basis for reconsideration.

Nor have Defendants identified any other basis for reconsideration. Most of their arguments were addressed in this Court's Order. An attempt to relitigate the issues already decided is impermissible in a motion for reconsideration. *See Wilchombe*, 555 F.3d at 957; *Turk v. Crytzer*, 8:18-cv-2490-CEH-TGW, 2021 WL 5506781, *2 (M.D. Fla. Nov. 24, 2021) (Honeywell, J.) (denying motion for reconsideration of

---

[1] Contrary to Defendants' characterization, the triggering event for possible equitable tolling would be Defendants' *agreement* to conduct an RVU analysis, not Plaintiff's request. *Cf.* Doc. 129 at 5 (arguing only a defendant's conduct can trigger estoppel).

grant of summary judgment that was an attempt to relitigate the issues already decided).

Further, both parties' detailed arguments as to why equitable tolling is or is not warranted ignore the Court's ruling that a finding regarding the actual applicability of equitable tolling is premature. The Order held that Plaintiff "has not pleaded himself out of court…because the pleadings do not *foreclose* a finding of equitable tolling." Order at 39 (emphasis added). *See Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016); *La Grasta v. First Union Securities*, 358 F.3d 840, 845 (2004) (plaintiffs are not required to negate an affirmative defense, including a statute of limitations bar, in the complaint), abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, the Court declined, at the motion for judgment on the pleadings stage, to hold as a matter of law that equitable tolling does not apply. *See Beach Community Bank v. CBG Real Estate LLC*, 674 Fed. App'x 932, 935 (11th Cir. 2017) (at the motion to dismiss stage, holding that, "[a]ccepting as true the allegations in the complaint, we cannot conclude as a matter of law" that equitable tolling applied, and observing that equitable tolling is "ordinarily" an issue of fact that should be left to the factfinder); *Wright v. Waste Pro USA, Inc.*, No. 0:19-cv-62051, 2020 WL 8230193, *3 (S.D. Fla. May 28, 2020) (denying motion to dismiss where facts alleged in complaint did not foreclose a finding of equitable tolling); *Tubbs v. Norfolk Southern Corp.*, No. 2:15-cv-01547, 2017 WL 4280541, *5-6 (N.D. Ala. Sept. 27, 2017) (denying summary judgment where a question of material fact existed regarding

equitable tolling). Defendants have not identified an adequate reason to revisit this ruling. Therefore, the motion for reconsideration must be denied.

Accordingly, it is **ORDERED**:

1. Defendants Provident Life and Accident Insurance Company and Unum Group's Motion for Reconsideration (Doc. 129) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties