# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GENE E. MYERS,

    Plaintiff,

v.                                                             Case No: 8:19-cv-724-CEH-CPT

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and
UNUM GROUP,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Plaintiff Gene Myers' Motion to File Document Under Seal (Doc. 209). In the motion, Plaintiff seeks to file an exhibit to his response in opposition to Defendants' motion for summary judgment under seal, pursuant to a confidentiality agreement between the parties. Having considered the motion and being fully advised of its premises, the Court will deny it without prejudice.

## DISCUSSION

    Plaintiff moves to submit under seal an internal memorandum by a director of Defendant Unum Group, because it is the subject of a confidentiality agreement between the parties. Doc. 209 at 1. In the confidentiality agreement, the parties agreed that if one party seeks to file a document that the other party has labeled "confidential," the party seeking to file it must either redact the document or file it under seal. *Id.* at 1-2, citing Doc. 209-1 ¶ 8. Defendants labeled the internal memorandum

"confidential." Doc. 209-2.  Plaintiff explains that he cannot redact it without making it unusable as an exhibit, and must therefore move to file it under seal. Doc. 209 at 2. With respect to the confidential nature of the document, Plaintiff states only that "it contains information designated by the parties as confidential[.]" *Id.* at 3.  Defendants have not filed a response to Plaintiff's motion.[1]

Pursuant to Local Rule 1.11, a motion to seal must establish: "(A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory[.]" Local Rule 1.11(b)(3), M.D. Fla. (Apr. 1, 2024).  Moreover, the same rule provides that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a).

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978)).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-

---

[1] Plaintiff's certification pursuant to Local Rule 3.01(g) indicates that Defendants did not immediately respond to his email requesting their position on the motion, but that he presumes their agreement with the relief he requests because of the parties' confidentiality agreement. Doc. 209 at 3.

2

CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same). Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2 (citations omitted). The good cause requirement "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Barnello v. Bayview Loan Servicing, LLL*, 6:14-cv-1383-CEM-TBS, 2015 WL 5782346, *5 (M.D. Fla. Sept. 2, 2015) (quotation omitted).

Here, the motion to seal does not establish that sealing the internal memorandum is necessary, *see* Local Rule 1.11(b)(3)(B), or that the common law right of access is overcome by good cause. Plaintiff's motion relies entirely on the fact that Defendants labeled the document "confidential," and the parties' confidentiality agreement requires him to move to file it under seal. But Local Rule 1.11(a) makes clear that parties' agreements do not authorize sealing. On the contrary, "[t]he parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018), citing *Brown v. Advantage Engineering*, 960 F.2d 1013, 1016 (11th Cir. 1992). Thus, the fact of the parties' confidentiality agreement does not constitute good cause.

The Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov.

1, 2011) (internal quotation marks and alterations omitted). Without more, the parties have not established that disclosure of the internal memorandum would cause a clearly defined and serious injury that overcomes the public's right to access. Therefore, the motion is denied, without prejudice to renewal upon a showing of sufficient grounds to find the material to be entitled to protection.

Accordingly, it is **ORDERED**:

1. Plaintiff Gene Myers' Motion to File Document Under Seal (Doc. 209) is **DENIED without prejudice**.

2. If they choose to do so, either party may file, within **fourteen (14) days**, a renewed motion to seal. If the parties do not file a renewed motion within the time permitted, the Clerk is directed to unseal the document at Doc. 209-2. Alternatively, Plaintiff may withdraw the document.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties