UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENE E. MYERS,

      Plaintiff,

v.                                  Case No. 8:19-cv-724-CEH-CPT

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and
UNUM GROUP,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Before me on referral is Defendants Provident Life and Accident Insurance Company and Unum Group's *Motion for Entitlement to Attorneys' Fees*. (Doc. 236). For the reasons discussed below, I respectfully recommend that the Defendants' motion be granted.

I.

The background of this case is detailed in prior decisions of the Court and therefore need only be summarized here. *See* (Docs. 44, 88, 126, 232). The Plaintiff is an interventional cardiologist who maintained disability insurance through the Defendants beginning in 1988. (Doc. 126 at 2). In early 2009, the Plaintiff filed a disability claim, averring he suffered from progressive back pain that impacted his

capacity to perform his professional duties.  (Doc. 232 at 2).  The Defendants denied the Plaintiff's claim after reviewing the Current Procedural Terminology (CPT) codes for the medical services billed by the Plaintiff, arguing that these codes revealed the Plaintiff did not reduce his workload despite his claimed injuries.  *Id.* at 2–4.

Following a lengthy exchange between the parties, the Plaintiff filed suit against the Defendants in late March 2019.  (Doc. 1).  In his initial complaint, the Plaintiff asserted state claims for fraud, bad faith, breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress, as well as federal claims for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).  *Id.*  The Court dismissed most of Plaintiff's claims in mid-July 2020, including his counts for breach of contract (which the Court concluded were time barred) and his count for intentional infliction of emotional distress with prejudice.  (Doc. 44).  Roughly fourteen months later, in late September 2021, the Court dismissed the Plaintiff's fraud and bad faith counts with prejudice on the ground that they failed to state a valid claim.  (Doc. 88).  This left the Plaintiff's breach of fiduciary duty and RICO counts as the only surviving claims in the action.  *Id.*

Within days of the Court's ruling, on October 1, 2021, the Defendants served an offer of judgment on the Plaintiff pursuant to section 768.79 of the Florida Statutes.  (Doc. 236-1).  The Defendants proposed in their offer of judgment that they would pay the Plaintiff $30,000 if the Plaintiff agreed to resolve all damages that would otherwise be awarded against the Defendants in a final judgment.  *Id.*  The Plaintiff did not accept this settlement proposal.  (Doc. 236).

In the periods both prior to and after their offer of judgment, the Defendants moved for judgment on the pleadings with respect to the Plaintiff's remaining breach of fiduciary duty and RICO claims. (Docs. 71, 97). In an Order entered in mid-January 2023 (January 2023 Order), the Court granted the Defendants' motion as to the breach of fiduciary duty count but advised that it would not enter a judgment in the Defendants' favor on that claim until "the conclusion of the litigation[.]" (Doc. 126). At the same time, the Court denied the Defendants' motion as to the RICO claims, reasoning that while those counts were not timely brought, there was a factual issue as to whether they might be saved under the doctrine of equitable tolling. *Id.*

The reprieve the Court extended the Plaintiff's RICO counts turned out to be temporary. In early December 2024, the Court awarded the Defendants summary judgment on those federal claims, finding that the Plaintiff did not establish they were subject to equitable tolling. (Doc. 232). The Court entered a Judgment in favor of the Defendants and against the Plaintiff the next day. (Doc. 234). In its Judgment, the Court stated that "[a]ny motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01[.]"[1] *Id.*

The Defendants' instant fee motion followed less than two weeks later. (Doc. 236). In their motion, the Defendants contend that they are entitled to the fees they

---

[1] Local Rule 7.01 dictates that "[w]ithin fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that: (1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law." M.D. Fla. R. 7.01(b).

incurred from the date of their October 2021 offer of judgment through the Court's entry of its January 2023 Order dismissing the Plaintiff's final state claim for breach of fiduciary duty.[2]  *Id.*  The Defendants estimate that such fees total $88,000.  *Id.*

The Plaintiff filed a response in opposition to the Defendants' motion (Doc. 237), to which the Defendants replied (Doc. 241).  The matter is thus now ripe for the Court's consideration.

## II.

Under the *Erie* doctrine, federal courts sitting in diversity—as the Court is doing here—must apply the "substantive law" of the forum state and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1357 (11th Cir. 2014) (same) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Florida substantive law, including the Florida statutes authorizing the recovery of attorneys' fees, therefore governs the disposition of the Defendants' motion.  *See McMahan v. Toto*, 256 F.3d 1120, 1131–32 (11th Cir. 2001) ("[S]tatutes allowing for recovery of attorney's fees are substantive for *Erie* purposes."), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002).

---

[2] Although the Defendants do not state as much, I presume they employ the Court's January 2023 Order as the end date for their fee motion because the Florida offer-of-settlement statute does not encompass federal claims in federal court.  *See Hale v. Bay Cnty. Sch. Bd.*, 2019 WL 3064121, at *1 (N.D. Fla. Mar. 25, 2019) (citing *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1285 (M.D. Fla. 2008)).

Florida courts follow the common law rule that "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004); *see also Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018) (noting that Florida law dictates that, "absent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorney's fees") (citations omitted). Because fee shifting statutes are in derogation of this common law rule, they are strictly construed. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013) (citing *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007); *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 615 (Fla. 1995)); *see also Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 394 (Fla. 2016) (collecting cases). Regardless of the basis for a fee request, the party seeking fees bears the burden of establishing its right to such relief. *See Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) (citing *Salisbury v. Spielvogel,* 451 So. 2d 974, 975 (Fla. Dist. Ct. App. 1984)).

The fee shifting statute at issue here, section 768.79, provides, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within [thirty] days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by [it] or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least [twenty-five] percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

Fla. Stat. § 768.79(1) (2021), *amended by* Laws 2022, c. 2022-271, § 24. The purpose of section 768.79 is to reduce litigation costs by encouraging parties to resolve their cases on their own, *Kuhajda*, 202 So. 3d at 395 (internal quotation marks and citations omitted), and to sanction those parties that unreasonably decline to settle, *Diamond Aircraft*, 107 So. 3d at 372.

For an offer of judgment to be covered by section 768.79, it must comply with the strictures of that provision, as well as those set forth in Florida Rule of Civil Procedure 1.442, which "implements section 768.79." *Diamond Aircraft*, 107 So. 3d at 376.[3] In particular, an offer of judgment must (a) be in writing and state that it is being made pursuant to section 768.79; (b) name the party making the offer and the party to whom the offer is being made; (c) state with particularity the amount offered to settle a claim for punitive damages, if any; and (d) state the offer's total amount. Fla. Stat. § 768.79(2). An offer of judgment must also specify that it "resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served," "exclude nonmonetary terms," and "state whether the proposal includes attorneys' fees and whether attorneys' fee[s] are part of the legal claim." Fla. R. Civ. P. 1.442(c)(2). In the end, a party seeking to avail itself of section 768.69 must ensure that its offer of judgment is "sufficiently clear and definite to allow [an] offeree to make

---

[3] Rule 1.442 employs the phrase "proposal for settlement" instead of the phrase "offer of judgment" utilized in section 768.79. Despite this difference in terminology, courts addressing Rule 1.442 and section 768.79 reference these terms interchangeably. *See, e.g., Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 632 F. 3d 1195, 1198 n.2 (11th Cir. 2011); *Ruiz v. Policlinica Metropolitana, C.A.*, 260 So. 3d 1081, 1086 n.3 (Fla. Dist. Ct. App. 2018) (citation omitted). I will too.

an informed decision without needing clarification." *Alamo Fin., L.P. v. Mazoff*, 112
So. 3d 626, 629 (Fla. Dist. Ct. App. 2013) (quoting *State Farm Mut. Auto. Ins. Co. v.
Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).

With these principles in mind, I turn to the merits of the Defendants' fee motion,
beginning with whether the Defendants' written offer of judgment adhered to the
requirements of section 768.79 and Rule 1.442. *See* (Doc. 236-1). After careful review,
I find that it did. The Defendant's offer stated that it was being served pursuant to
Rule 1.442 and section 768.79; that it was being made by the Defendants jointly to the
Plaintiff; that it would resolve all damages which would otherwise be awarded in a
final judgment in the action with the exception of punitive damages; that the total
amount of the proposal was $30,000; that this sum included attorneys' fees; and that
the only nonmonetary term was a voluntary dismissal of all claims with prejudice. *Id.*
Notably, the Plaintiff does not assert that the Defendants' offer of judgment
contravened either section 768.79 or Rule 1.442. *See* (Doc. 237).

The only objections the Plaintiff does raise are that the Defendants did not
timely file their instant fee motion and that they did not make their $30,000 settlement
proposal in good faith. *Id.* These objections do not survive scrutiny.

With respect to the Plaintiff's timeliness challenge, Federal Rule of Civil
Procedure 54 mandates that a fee motion "be filed no later than [fourteen] days after
the entry of *judgment*." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added). Local Rule
7.01(b) likewise instructs that a party asking for fees must request a determination of
entitlement "[w]ithin fourteen days after entry of *judgment*[.]" M.D. Fla. R. 7.01(b)

(emphasis added). Rule 54 defines the term "judgment" as including a decree and "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

In this case, as noted above, the Defendants filed their fee motion less than fourteen days after the Court entered Judgment in their favor on the last remaining state claim for breach of fiduciary duty. (Docs. 234, 236). Despite this fact, the Plaintiff insists that the Defendants' motion is nonetheless time-barred not under Rule 54 (which the Plaintiff ignores), but under section 768.79 and Florida's civil procedural rules—namely, Rule 1.525. (Doc. 237). Section 768.79 requires that a party file its fee motion within thirty days after entry of a judgment. Fla. Stat. § 768.79(6) (2021). Rule 1.525 directs the same, stating:

> Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion no later than [thirty] days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.

Fla. R. Civ. P. 1.525. To trigger Rule 1.525's thirty-day clock, the "judgment" must "conclude[ ] the action" as to the party asking for fees. Fla. R. Civ. P. 1.525; *see also Garrido v. SafePoint Ins. Co.*, 347 So. 3d 108, 112 (Fla. Dist. Ct. App. 2022) (noting that Rule 1.525's thirty-day period begins to run "upon the trial court's rendition of a judgment, or service of a notice of voluntary dismissal, that concludes the action as to the party seeking fees").

The Plaintiff's reliance on section 768.79 and Rule 1.525 is misplaced. To start, there is a threshold question as to whether the deadlines set forth in those provisions apply at all. Indeed, at least one court in this Circuit has determined that the time

8

frames for filing a fee motion under Florida law are procedural in nature under *Erie* and are therefore not controlling in federal court. *See Hsi Chang v. JPMorgan Chase Bank, N.A.*, 138 F. Supp. 3d 1352, 1354 (S.D. Fla. 2015), *vacated on other grounds* 845 F.3d 1087 (11th Cir. 2017) (deeming section 768.79's thirty-day time period to be procedural rather than substantive for purposes of *Erie*) (citing *Gulliver Acad., Inc. v. Bodek,* 694 So. 2d 675, 676 (Fla. 1997), *superseded on other grounds by Saia Motor Freight Line, Inc. v. Reid,* 930 So. 2d 598 (Fla. 2006)).

The Court need not resolve this issue, however, because contrary to the Plaintiff's contention, the Court's January 2023 Order did not constitute a judgment that would initiate the Defendants' deadline for seeking fees under *either* federal or state law. Regarding Rule 54, it is well settled that an order disposing of fewer than all claims "does not end the action as to any of the claims or parties[,]" Fed. R. Civ. P. 54(b), and "is not a final judgment from which an appeal may be taken, unless [a] district court properly certifies [it] as final under Rule 54(b)," *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *see also Gaston v. City of Leesburg*, 2025 WL 708610, at *1 (11th Cir. Mar. 5, 2025) (per curiam) (explaining that an order dismissing some but not all of the plaintiff's claims was not final) (citing *Supreme Fuels Trading FZE*, 689 F.3d at 1246). Here, as referenced previously, the Court's January 2023 Order dismissed the Plaintiff's lone remaining state claim but did not dispose of the Plaintiff's federal RICO counts (Doc. 126), which the parties continued to litigate for almost

another two years before the Court dismissed them in December 2024 (Doc. 234). Moreover, as also discussed above, the Court made clear in its January 2023 Order that a "judgment" on the Plaintiff's last state claim would not be entered until "the *conclusion of the litigation*[.]" (Doc. 126) (emphasis added).

As for Rule 1.525, the January 2023 Order similarly did not "conclude[ ] the action as to" the party moving for fees—namely, the Defendants. *See* Fla. R. Civ. P. 1.525; *see also Nader + Museu I, LLLP v. Miami Dade Coll.*, 307 So. 3d 140, 142 (Fla. Dist. Ct. App. 2020) ("A final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judicial labor to be done.") (quoting *Cardillo v. Qualsure Ins. Corp.*, 974 So. 2d 1174, 1176 (Fla. Dist. Ct. App. 2008)). Rather surprisingly, the Plaintiff does not cite this portion of Rule 1.525, much less attempt to distinguish it. In fact, the Plaintiff fails to submit any legal authority buttressing his contention that the January 2023 Order caused the clock for the filing of the Defendants' fee motion to begin running.[4]

The Plaintiff's second objection challenging the Defendants' motives for making their settlement proposal fares no better. If an offer of judgment otherwise satisfies section 768.79, the only basis on which a court can deny the offering party's entitlement to fees is if it finds that the offer was not made in good faith. *See*

---

[4] Nor do I find persuasive the Plaintiff's unsupported suggestion that the Defendants should have filed a protective fee motion in response to the Court's January 2023 Order. *See Schwartz v. ADP, Inc.*, 2021 WL 5760434, at *6 (M.D. Fla. Dec. 3, 2021) (denying a fee request made after the court dismissed only some of the plaintiff's claims in part because the "case [was] still at the pleading stage without judgment entered[. . . s]o the request [was] premature") (citations omitted).

768.79(7)(a) (2021) ("If a party is entitled to costs and fees pursuant to the provisions

of this section, the court may, in its discretion, determine that an offer was not made

in good faith.  In such case, the court may disallow an award of costs and attorney's

fees."); *Levine v. Harris*, 791 So. 2d 1175, 1177 (Fla. Dist. Ct. App. 2001) ("The sole

basis on which a court can disallow an entitlement to an award of fees is if it determines

that a qualifying offer was not made in good faith.") (citation omitted).  As one court

has explained:

> The good faith inquiry requires a trial court to review the facts . . . known
> to the offeror at the time it made the offer.  Whether an offer is made in
> good faith is a matter of discretion with the trial court after considering
> the circumstances at the time the offer was made.  [A c]ourt must
> determine whether the offer or proposal bears a reasonable relationship
> to the amount of damages suffered and was a realistic assessment of
> liability.

*Hernandez v. Altec Envt. Prods., LLC*, 2012 WL 12854869, at *1 (S.D. Fla. Mar. 6, 2012)

(internal quotation marks and citations omitted).

To meet the good faith standard, an offering party need only have "some

reasonable foundation on which to base [its] offer."  *McMahan*, 311 F.3d at 1083

(internal quotation marks and citation omitted).  Furthermore, the party contesting the

offeror's rationale for proposing a settlement bears the burden of proving that the

offeror acted in bad faith.  *Id*.; *Levine*, 791 So. 2d at 1178.

In resolving the good faith issue, court may take into account the numerical

amount of the offer and will "view with considerable skepticism nominal offers which

bear no reasonable relationship to damages and which are not founded upon a

11

reasonable and realistic assessment of liability." *See Eagleman v. Eagleman,* 673 So. 2d 946, 948 (Fla. Dist. Ct. App. 1996). This is because "[s]uch nominal offers cannot advance the statutory purpose of encouraging settlement, but instead serve no purpose other than to lay a predicate for a subsequent award of attorney's fees[.]" *Id.*

Importantly, however, a nominal offer is "not alone determinative of bad faith." *Fox v. McCaw Cellular Commcn's of Fla., Inc.*, 745 So. 2d 330, 333 (Fla. Dist. Ct. App. 1998) (citation omitted). To the contrary, an insubstantial offer can be deemed to have been made in good faith "if the offerors ha[d] a reasonable basis at the time of the offer to conclude that their exposure was nominal." *McMahan,* 311 F.3d at 1083 (internal quotation marks and citation omitted). As a result, "Florida courts have routinely upheld offers of judgment for nominal values." *Sapp v. Marcum*, 2023 WL 11803204, at *4 (M.D. Fla. Sept. 26, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 11803206 (M.D. Fla. Nov. 7, 2023). In *McMahan*, for example, the Eleventh Circuit enforced a nominal offer for $100 propounded under section 768.79. *McMahan*, 311 F.3d at 1083–84. The court reasoned that "[t]o accept in the same case in which a party . . . prevail[s] the notion . . . there was no reasonable basis for" that party to have succeeded "would require self-contradiction on a scale that [the court was] unwilling to consider." *Id.* More recently, the Eleventh Circuit relied on *McMahan* in concluding that an offer of $500 satisfied section 768.79's good faith standard on the ground that "the defendants had a reasonable basis to believe they

would prevail because they did prevail." *Grayson v. No Labels, Inc.*, 2025 WL 100788, at *4 (11th Cir. Jan. 15, 2025) (per curiam).

In this case, the Plaintiff posits at the outset that the Defendants' $30,000 settlement proposal constituted a "nominal" offer subject to heightened scrutiny. (Doc. 237). I find this contention debatable, as the $30,000 offered by the Defendants was hardly a paltry sum. *See Panama City Beach Condos, Ltd. P'ship v. Adjusters Int'l Colorado, Inc.*, 2009 WL 10673766, at *3 (N.D. Fla. Aug. 28, 2009) (describing a $25,000 offer as "a significant sum[ and] . . . not a nominal offer" even though it represented "a low percentage of the [counter-plaintiff's] claim").

Even assuming the Defendants' $30,000 offer was nominal and even assuming it should be viewed with a jaundiced eye, the Plaintiff's bad faith claim fails in any event. The Plaintiff's first argument in support of this challenge is that the Defendants' tendering of their proposed settlement within days of the Court's dismissal of three of the seven counts "evidences the Defendants' lack of good faith." (Doc. 237 at 14). I disagree. In fact, by my view, the timing of the Defendants' offer bolsters their position. As set forth above, when the Defendants extended their offer, the Court had already dismissed many of the Plaintiff's claims, first in mid-July 2020 after determining the Plaintiff's breach of contract claims were untimely, and then in late September 2021 after finding that the Plaintiff failed to state a claim for fraud or bad faith. (Docs. 44, 88). As also explained earlier, this left standing only the Plaintiff's breach of fiduciary duty and RICO claims, the latter of which—as the Defendants now highlight—were governed by a shorter statute of limitations than the breach of contract

13

claims and which were eventually disposed of on that basis at the summary judgment stage. (Doc. 241 at 4).

The Plaintiff relatedly contends that the Defendants' offer did not bear a reasonable relationship to the Plaintiff's purported damages—which the Plaintiff alleges could have totaled several million dollars—or a realistic assessment of the Defendants' potential liability. (Doc. 237 at 4, 13–14). The Plaintiff's argument, however, "ignores the inconvenient fact" that the Defendants did prevail against him. *McMahan*, 311 F.3d at 1083; *Grayson*, 2025 WL 100788, at *4. Indeed, the $30,000 offer was significantly more than the zero dollars the Plaintiff recovered. Moreover, the Defendants represent that, at the time they made their offer of judgment, they were "confident" the Court would dismiss the Plaintiff's breach of fiduciary duty count because another court in this District had rejected a "very similar" claim in an action involving "similar facts and parties." *See* (Doc. 241 at 4) (citing *Allen v. First Unum Life Ins. Co.*, No. 2:18-cv-69, at (Doc. 140) (M.D. Fla. Oct. 22, 2020)). While the Plaintiffs cite two other lawsuits in which claims against the Defendants akin to those raised here survived summary judgment (Doc. 237 at 14) (citing *Hepp v. Paul Revere Life Ins. Co.*, 120 F. Supp. 3d 1328 (M.D. Fla. 2015); *Natarajan v. Paul Revere Life Ins. Co.*, 720 F. Supp. 2d 1321 (M.D. Fla. 2010)), those suits were voluntarily dismissed before trial. As a result, it is unknown what recovery, if any, the plaintiffs in those actions would have received.

The Plaintiff next asserts that the Defendants did not have "a sufficient evidentiary basis [on which] to make a reasonable determination of their liability"

14

when they made their offer because, at that juncture, they had only acquired "limited discovery" concerning their decision to deny coverage. (Doc. 237 at 12–13). Courts, however, "have granted motions for reasonable fees under section 768.79 in cases where substantial discovery had not been completed" when the offers of judgment were issued. *Zendejas v. Redman*, 334 F. Supp. 3d 1249, 1260 (S.D. Fla. Sept. 25, 2018) (citations omitted). Further, the Plaintiff does not meaningfully address how such additional discovery, including "depositions" and "retained" experts, would have materially altered the Defendants' analysis. *See id.* at 1260–61 (concluding that an offer was made in good faith despite the lack of discovery because, "[w]hile protracted discovery may have been necessary to prepare this case for a jury trial, the record shows that little discovery was needed for [the d]efendants to arrive at a reasonable assessment of liability"); *Gordon v. Beary*, 2012 WL 2505515, at *4 (M.D. Fla. Dec. 16, 2011) ("Case law provides . . . that a nominal offer of judgment and the lack of discovery does not, standing alon[e], establish bad faith."). In sum, the Plaintiff fails to meet his burden of showing that the Defendants' settlement proposal was not made in good faith. *McMahan,* 311 F.3d at 1083; *Levine*, 791 So. 2d at 1178–79.

## III.

Based upon the foregoing, I respectfully recommend that the Defendants' motion for a determination of their entitlement to attorneys' fees (Doc. 236) be granted.

Respectfully submitted this 25th day of April 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Charlene Edwards Honeywell, United States District Judge
Counsel of record